# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA [XX] EEOC | 563-2009-01318 |

Kansas Human Rights Commission _____ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Mr. William J. Sifuentes
**HOME TELEPHONE** (Include Area Code): 913-269-5652

**STREET ADDRESS   CITY, STATE AND ZIP CODE:** 4904 Reeds Rd., Mission, Kansas 66202
**DATE OF BIRTH:** 12-25-48

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME:** UPS
**NUMBER OF EMPLOYEES, MEMBERS:** + 500
**TELEPHONE** (Include Area Code): 800-232-4060

**STREET ADDRESS   CITY, STATE AND ZIP CODE:** 223 N. James Rd., Kansas City, KS 66118
**COUNTY:** Wyandotte

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
[XX] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [XX] AGE
[XX] RETALIATION  [ ] NATIONAL ORIGIN  [XX] DISABILITY  [XX] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA)   LATEST (ALL)
[XX] CONTINUING ACTION

RECEIVED EEOC KANSAS CITY AREA OFFICE 2009 APR -8 AM 11:00

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

PLEASE SEE ATTACHED

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]* William J. Sifuentes
Date: 4-3-09
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)
*[signature]*
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*[signature]* William J. Sifuentes

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year): 4-3-09

CYNTHIA ABEND
Notary Public - Notary Seal
State of Kansas
Commission ... son County
My Commission Exp... November 25, 2012
Commission Number: 08691106

EEOC FORM 5 (10/94)

## Charge of Discrimination of William Sifuentes

This charge of discrimination is filed against my employer United Parcel Service, Inc. ("UPS") based on certain and various acts, conduct, and practices I have been and am being subjected to by UPS and its employees and representatives and the related unlawful disability discrimination and retaliation, interference, coercion, and intimidation in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Kansas Act Against Discrimination and, also, unlawful race and age discrimination and related retaliation I have been subjected to in violation of Title VII, the ADEA, Executive Order 11246, the KAAD, and the KADEA. This charge is to be contemporaneously or dual filed with all appropriate fair employment practice and other agencies.

The claims and allegations I make herein are based on federal and state laws, rules, and regulations concerning rights and protections independent of any collective bargaining agreement or any related grievance mechanisms or procedures. The unlawful discriminatory and retaliatory conduct and practices I have been subjected to by UPS and its employees and representatives is and are continuous and ongoing in nature and part of an unlawful pattern or practice of discrimination, retaliation, harassment, interference, coercion, and intimidation.

I am a 60 year old Hispanic male. I am employed by United Parcel Service, Inc., where I have worked since 1971 as a feeder driver. UPS is fully aware that my situation is one which requires it to make a determination of whether or not I am disabled and a reasonable accommodation can and should be made in connection with such. Even so, after my requesting an accommodation in connection with several workplace injuries I have sustained and other medical conditions, brought about in large part due to the related, unlawful and unsafe working conditions I have been exposed to, and which has resulted in a substantial impairment of one or more major life activities, UPS has refused to consider my related requests and has refused to provide me with a reasonable accommodation.

In 2004 I hired an attorney who filed a worker's compensation claim for me. This claim is still pending. In November 2006, I was assigned a truck for a new route that I had bid. Both front shocks were broken on the truck. In 2007 I was given a new truck for the route I had bid to Williams Iowa. I drove this truck for two weeks before it was assigned to a Caucasian driver. Again in August 2008, I was given a new truck in response to a new route. The truck I was given was newer than what I had previously driven, but lacked shock absorbers for the driver's seat. I again repeatedly requested repairs. Finally, after months of driving the truck, the seat was repaired, but only after I developed problems with my neck from bouncing up and down. Caucasian drivers were not forced to drive worn out trucks. Their trucks were timely repaired. Caucasian drivers Bill Bersch and Bill Johnson were consistently given new trucks, while I and the other Hispanic drivers, Fred Breseno and Jesse Lopez were denied the newer equipment and repairs.

Because UPS would not repair my truck and denied my request for worker's compensation benefits, I sought to file discrimination grievances through my union. These cannot be filed until they are "discussed" with the supervisors. The one time I was able to start such a discussion, the supervisor began yelling at my Union Representative and me, and we had to leave the room. UPS has since refused to discuss these grievances with me so no investigation of my grievances has occurred.

2

In 2006, I was called into my manager's office and yelled at for filing excessive injury reports. He yelled at me to "stop it" while shaking the notebook containing those reports at me. His punishment was to require me to take safety quizzes every night after working a full day. I completed those quizzes as requested. I was also required to take a manager with me while I was driving, because I had filed the injury reports.

I have been retaliated against for requesting worker's compensation benefits, and repairs to my trucks. My complaints have not resulted in anything but further retaliation. The most recent discrimination occurred when I had the prostate surgery in November 2008. After surgery, I requested that I be allowed to return to work, and I had been released by my doctor. I was denied the accommodation that I requested, which was to return to work on light duty. This is in violation of the ADA, due to my "perceived" disability (by UPS) that I couldn't work until recovered fully, 100%, from the prostate surgery.

This unlawful conduct and practice of UPS has been repeated and continuous, with my most recent express accommodation request occurring in December of 2008, and ongoing through the present day. As such, I have been forced to work without reasonable accommodation and/or refused to allow to return to work. Presently, UPS considers me on workers' compensation leave; it falsely and unlawfully claims I cannot return to work at any position with lifting or other restrictions imposed on me due to my injuries, health or medical condition, and the unsafe working conditions I have been exposed to. That results in my constructive discharge.

As a result of my work-related injuries and related impairments, I am substantially limited in engaging in or performing a number of major life activities, including: performing certain manual tasks, sleeping, walking, standing, lifting, bending, concentrating, and working. I believe my impairments and the way I have been treated by UPS satisfy all three definitions of disability. I also believe I could and can perform my last job or other jobs at UPS with a reasonable accommodation. For example, although I have performed my job satisfactorily and effectively without accommodation, UPS already has available and provides the very type of assistance or accommodation which would allow me to safely and effectively perform the essential functions of my current or last position; the assistance or accommodation which I seek is already available for and provided to certain drivers. Yet, consistent with its unlawful corporate-wide no-restrictions or 100 % release policy, UPS refuses to engage in the interactive process in good faith and properly determine whether or not I have a disability and, thus, allow me to propose or consider any possible accommodation. Likewise, UPS refuses to consider or evaluate my actual job requirements and/or other job availability consistent with my impairments and any proposed or possible accommodation.

The lifting requirement UPS states is an essential function of my present or last job and it claims I cannot satisfy because of lifting restrictions imposed on me is not truly an essential function of that job. The feeder driver job or position can be performed without this alleged requirement; and, also, one with an impairment or impairments, such as I have, if provided with a reasonable accommodation could perform this job more than satisfactorily and in a manner entirely consistent with UPS's professed safety concerns. However, it is the position of UPS that no reasonable accommodation need be considered or can be provided for a package care driver who has been given permanent lifting restrictions.

In connection with my requests for an accommodation, UPS refuses to provide me with related paperwork it claims is required to evaluate such a request; as such, UPS is refusing to make a legitimate, good faith determination of whether or not I have a disability and can or cannot return

UPS-WS-0470

3

to work with or without an accommodation. I believe this is unlawful disability discrimination. I also feel I am being unlawfully retaliated against for engaging in protected activity or requesting an accommodation. Likewise, I am being forced to work with unlawfully unsafe and dangerous vehicles or equipment which only exacerbate my impairments and pose a direct threat to my and others' health, safety, and well-being. It is clear UPS is trying to unlawfully force me to quit or resign for exercising my related rights.

UPS considers my impairment and the related lifting restrictions permanent or long term and has stated it will not allow me to work at UPS with any type of restrictions. UPS has also told my colleagues that because of my injury I cannot return to work at UPS. Further, UPS also states that because of my impairment I am not only unable to work at UPS - at any job - but also I will have a very difficult, if not impossible, time finding a job anywhere else.

Because of the workplace injuries I have sustained, and my related accommodation request, as well as the related workers' compensation claims I have filed, UPS has retaliated against, harassed, embarrassed, threatened, and tried to intimidate me. For example, although denying me the accommodation I seek, which involves nothing more than providing me with a vehicle that complies with related safety requirements, UPS deliberately forces me to drive an unsafe and dangerous vehicle and, at the same time, provides other drivers with vehicles that do not have these safety concerns. Additionally, while I am being forced to drive a vehicle which is unsafe and worsens my impairments, white (non-Hispanic) drivers are being provided and allowed to work with vehicles which are safe, properly maintained, and do not have the issues which I am forced to contend with. Further, drivers under the age of 40 are not treated in the unlawful fashion I have been forced to endure.

UPS has a corporate-wide policy whereby it discriminates and retaliates against, harasses, and intimidates employees filing injury reports or workers' compensation claims, or even contemplate such, in order to avoid related workers' compensation costs and ADA compliance. UPS's policy is to refuse to allow any injured or impaired employee with restrictions to return to work. UPS's policy is refuse to engage in the interactive process in good faith with employees seeking an accommodation, while UPS, in perfunctory and unsubstantiated fashion declares one not disabled, and UPS retaliates against employees who do seek accommodation. Consistent with this, UPS has deliberately tried to force me to quit or resign, by creating a work environment that is so disruptive and hostile I will quit or resign. I believe this is flagrantly unlawful retaliation, interference, and coercion. The company cannot lawfully try and force me to resign for exercising or trying to exercise my related rights. Likewise; I believe should I be forced to quit or resign because of such, this clearly amounts to an unlawful constructive discharge or forced termination. No reasonable person would be expected to tolerate and endure the unlawful conduct I have been subjected to by UPS; the only reason I have stayed with UPS as long as I have is because of my financial concerns and obligations.

I believe the motivation for the unlawful conduct of UPS is economic or financial, as well as its wanting to avoid related legal entanglements, obligations, and liability. That is, UPS does not want to incur real or perceived costs and expenses associated with: its lawful obligations to attend to or pay for that associated with my work related injuries and the following: impairments; compliance with the ADA and related law; benefits and related costs associated with my lawful retirement; and, proper repairs, maintenance, upkeep, and/or replacement of related equipment (specifically, providing a lawfully safe vehicle). Also, UPS does not want any of the federal or state agencies, such as the OSHA or the EEOC, which have oversight of related issues, becoming involved in its affairs and discovering UPS's related unlawful conduct and practices.

UPS-WS-0471

Any and all reasons asserted by UPS for the discriminatory and retaliatory manner in which I have been treated are pretextual. In particular, the company's assertion that I do not have a disability or a record or history of such and/or it does not perceive or regard me as being disabled is/are false; further, it has no basis for such a position, given that it refuses to engage in the required interactive process. Throughout the nation, the EEOC has repeatedly found UPS has an unlawful corporate-wide policy which results in the very type of ADA discrimination and retaliation I allege herein; in fact, the EEOC has entered into a consent decree with UPS to cease and desist this practice. Further, class certification has recently been granted in a matter based on sufficient evidence to establish that the same policy and conduct alleged by me is carried out by UPS on a nationwide basis. Evidence in that and other cases around the country amply demonstrates that UPS as matter of practice or policy refuses to consider whether an individual with lifting or other restrictions is disabled and, thus, whether any reasonable accommodation can be made for these employees. Likewise, UPS corporate policy is to retaliate, intimidate, and harass its injured employees and those with impairments who seek accommodation.

As a result of this unlawful discriminatory and retaliatory conduct and the related practices, I have sustained and will sustain various economic or financial damages, including, but not limited to, lost back and front pay, wages, and benefits. Further, I have had to endure severe humiliation, embarrassment, stress, anxiety, and other emotional damages as a result of this unlawful conduct; this has also resulted in loss of esteem, trust, and confidence with and among my colleagues, as well as with others. In connection with that all I allege herein, I seek all damages and relief allowed for by law and equity, including any and all compensatory damages, any and all associated or related costs, expenses, and attorney fees, and any and all injunctive relief and punitive or exemplary damages available. I hereby reserve the right to bring charges like or the same as those herein against certain of the individuals involved in this unlawful conduct and the related practices, pursuant to related and any other applicable law.

UPS is fully aware that the conduct at issue is unlawful, could and will result in those being subjected to such incurring substantial injury and damages, and carried/carries such out in a willful, wanton, malicious, and outrageous fashion, with reckless and callous disregard for my rights, and those of others similarly situated.

I know of other and believe there to be a number of current and former UPS employees that have witnessed and been subjected to conduct and practices like and/or the same as that alleged herein; further, there are witnesses who can testify as to the unlawful and otherwise improper manner in which I have been and am being treated.

Through the filing of this charge of discrimination, I wish to assert and/or preserve my rights to be considered an actual and/or putative plaintiff to any class action and/or other like or similar lawsuit or proceeding challenging UPS's unlawful and discriminatory 100% release and/or any like or similar policy or unlawful conduct anywhere in the country, including Hohider et al. v. United Parcel Service, No. 04-0363 (W.D. Penn)(class certification granted), and/or initiate any like or similar class action or proceeding.

The information provided herein is not intended to be all inclusive and is subject to modification, supplementation, and/or amendment upon further investigation, the discovery of any further or additional evidence learned of, and/or any acts, practices, or conduct like or similar to that described herein and/or which otherwise may have occurred or is/are taking place. I can and wish to expand on and provide greater detail for all of the claims and allegations made herein.

5

The litigation posture and other conduct of UPS as to that alleged in this charge is incompatible with and does not lend itself to good faith mediation; accordingly, at this time, I do not seek EEOC mediation of that herein, but, rather, a full and thorough investigation of such.

I declare under penalty of perjury that the above is true and correct.

_____   _____
Date                             William Sifuentes

Legal Counsel/Attorneys:

Dennis E. Egan
Popham Law Firm
712 Broadway
Suite 100
Kansas City, MO 64105
(816) 221-2288

UPS-WS-0473